IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HILDA GABRIELA SELEDON          §
Reg. No. 31507-179              §
                                §
            Petitioner,         §
                                §
v.                              §     CIVIL ACTION NO. H-05-2585
                                §
JOYCE FRANCIS,                  §
                                §
            Respondent.         §

## MEMORANDUM OPINION AND ORDER

Hilda Gabriela Seledon, proceeding pro se, filed an Application for Habeas Corpus Under 28 U.S.C. § 2241 (**Docket Entry No. 1**) challenging the Bureau of Prisons' execution of her sentence by arguing that she should serve the last six months in a community confinement center (CCC).[1]  Pending before the court are respondent's Answer and Motion to Deny the Petition and Motion to Dismiss (**Docket Entry Nos. 5 and 6**) and petitioner's Response (**Docket Entry No. 8**).  For the reasons discussed below, the court will grant respondent's Motion to Dismiss and deny petitioner's Application for a Writ of Habeas Corpus.

## I. Background

Petitioner was convicted in the United States District Court

_____

[1]Petition for Writ of Habeas Corpus, Docket Entry No. 1.

for the Southern District of Texas, Corpus Christi Division, for transporting undocumented aliens.  On October 14, 2004, she was sentenced to 24 months of imprisonment, and is serving her term of imprisonment at the Bryan, Texas Federal Prison Camp.

Petitioner does not challenge her underlying conviction, but instead seeks habeas corpus relief under 28 U.S.C. § 2241.  To prevail, petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner argues that the United States Bureau of Prisons (the "BOP") has wrongfully denied her the right to serve the last six months of her imprisonment in a CCC.  An inmate may use 28 U.S.C. § 2241 to challenge the manner in which her sentence is executed.  See Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001).  Because the petitioner is in custody at the Federal Prison Camp in Bryan, Texas, this court has jurisdiction over her § 2241 petition.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Prior to December of 2002, the BOP regularly placed inmates in a CCC for the last six months of their imprisonment.  This changed when the Department of Justice concluded that federal statutes did not permit the BOP to place inmates in a CCC prior to the last ten percent of their prison terms, for a period not to exceed six months.  In response to subsequent rulings by courts that the BOP's placement discretion was not limited in this manner, the BOP

-2-

proposed to "exercise . . . discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." Community Confinement, 69 Fed. Reg. 51,213 (August 18, 2004). The BOP gave notice of the potential rule in the Federal Register in August of 2004 and invited comments. Id. The rule was adopted in 2005. Bureau of Prisons Community Confinement Rule, 28 C.F.R. § 570.21 (2005); Community Confinement, 70 Fed. Reg. 1,659 (Jan. 10, 2005).

## II. Discussion

### A.    Failure to Exhaust

The 2005 policy for transfer of inmates to a CCC supercedes the 2002 policy, and any challenge to the 2002 policy is therefore moot. See Lewis v. Continental Bank Corp., 110 S.Ct. 1249 (1990). However, it is well-established that courts should liberally construe habeas corpus petitions of inmates. See Haines v. Kerner, 92 S.Ct. 594 (1972). Consistent with this principle, the court will construe the petition as challenging the 2005 policy.

A federal inmate seeking relief under 29 U.S.C. § 2241 must first exhaust her administrative remedies through the BOP before seeking habeas relief in federal court. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where

the attempt to exhaust such remedies would itself be a patently futile course of action." Id. (citation omitted). The petitioner bears the burden of demonstrating futility. Id.

The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-524.15. Petitioner did not exhaust her administrative remedies through the BOP process before filing this suit, instead arguing that the exhaustion requirement should be waived because any attempts at exhaustion would be futile. (Petition, pp. 2-3). Petitioner cites Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004). Elwood did not require exhaustion of administrative remedies in a challenge to the BOP's 2002 policy on CCC placement because both parties agreed that it would be futile. Id. at 844 n.1. The BOP makes no such admission here, and in observing that the BOP has "settled" with some of the inmates who challenged the 2002 policy, petitioner tacitly acknowledges that it is possible to obtain administrative relief. (Petition, p. 6). Furthermore, petitioner has failed to show that exhaustion would be futile under the superceding 2005 policy. See Smith v. Francis, 2005 WL 1840152 (S.D. Tex. 2005) (requiring exhaustion).

**B.    Failure to State a Claim**

Even were petitioner not required to exhaust her administrative remedies, she has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 12(b)(6)

-4-

motions should not be granted unless, based solely on the pleadings, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 78 S.Ct. 99, 102 (1957).

Petitioner argues that she is entitled to CCC placement for six months because the 2005 policy is an unreasonable interpretation of 18 U.S.C. § 3621(b) and § 3624(c). The BOP is charged by federal statute with "designat[ing] the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Federal law also directs that the BOP

> shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

<u>Id.</u> § 3624(c). The BOP's 2005 policy implements these statutes.

Agency rules issued within its Congressionally granted scope of authority are entitled to heightened deference, and any ensuing regulation is binding on courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute. <u>United States v. Mead Corp.</u>, 121 S.Ct. 2164, 2171 (2001) (citing <u>Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.</u>, 104 S.Ct. 2778, 2782 (1984)). The BOP's new policy was promulgated in compliance with the Administrative Procedure Act, 5 U.S.C. § 553, and is entitled to such deference.

The overwhelming majority of courts considering similar challenges to the 2005 policy have upheld it.  <u>See, e.g.</u>, <u>Morales v. Francis</u>, 2005 WL 2467691 (S.D. Tex. 2005) (listing cases). These decisions generally base their reasoning on the Supreme Court's Decision in <u>Lopez v. Davis</u>, 121 S.Ct. 714 (2001).  The Court in <u>Lopez</u> held that the BOP could categorically exercise its discretion to deny prisoners early release under 18 U.S.C. § 3621(e)(2)(B).  <u>Id.</u> at 724.  The Court reasoned that "even if a statutory scheme requires individualized determinations . . . the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority."  <u>Id.</u> at 723-24 (citation omitted).

The BOP's 2005 policy categorically denies a class of inmates, those who are eligible but not yet entitled to serve the remainder of their sentence in a CCC, transfer to a CCC.  This courts concludes, as the vast majority of other courts considering the issue have found, that there is no distinguishable difference between the BOP's rulemaking in <u>Lopez</u> and its rulemaking here. Therefore the 2005 policy is legally permissible.

### III.  <u>Conclusion and Order</u>

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241.  Respondent's Motion to Dismiss (**Docket Entry No. 6**) is **GRANTED**.

Petitioner's Motion for Temporary Restraining Order (**Docket Entry No. 7**) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 17th day of October, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE